*1004 OPINION.
SteRNHagen:
The petitioner owned a tract of land devoted to cemetery purposes. By March 1, 1913, some improvements had been made. The principal roadways around the sections had been laid out, lakes had been completed, some of the sections had been subdivided into lots and pathways, and some of the lots had been sold. Other sections remained unsubdivided and unimproved. The value of the property on March 1, 1913, is agreed, but the petitioner now contends that such value, in so far as it applied to the sections not then subdivided, included land which would be subsequently used for pathways and other unsalable purposes, that this amounted approximately to 20 per cent of the value of the whole, and that its cost should be spread over and added to the cost or basis of lots sold, to arrive at the basis for determining the profit on each such lot. This is the so-called “wastage” allowance in controversy.
The appraisers testified that in -valuing each section they gave each square foot therein its value. The aggregate of the square foot values of each section was then found to be the total value of the section, with no allowance for pathways or other “ wastage ” within the section. It seems clear that., in theory this value of the whole section should be used as the basis of the gain on the *1005 salable lots only, and that the gain on each lot should be reduced by the proportionate part of the.total wastage within the section. If this theory only were in issue, petitioner’s claim would be readily sustained. -
But the evidence shows that petitioner, is claiming too much. Twenty per cent appears to be the percentage of value reflecting the wastage of the entire cemetery tract, including the main roadways, lakes and other nonsalable land already laid out on March 1, 1913. The valuation of March 1, 1913,- did not include them. It only included the subsequent further wastage in each unsubdivided and unimproved section, which was loosely said to be “4 or 4% per cent of the entire tract.” Plainly the wastage of main roadways, lakes, etc., which had taken place prior to March 1, 1913, could not be regarded as capital at that time and may not be recovered through a reduction of the gain on the lots subsequently sold in the unsub-divided sections; and this is what petitioner seeks in its claim to a 20 per cent allowance. The respondent is on this issue sustained.

Judgment will be entered on W days' notice, wider Rule 50.